UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| THOMAS C. WILLIAMS, | : | Case No. 1:22-cv-250 |
| Plaintiff, | : | |
| vs. | : | District Judge Douglas R. Cole |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| JUDGE ROBERT PEELER, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at Summit Behavioral Healthcare,[1] has filed a *pro se* civil rights complaint against Judge Robert Peeler. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. §1915(e)(2)(B).

---

[1] Review of the Warren County, Ohio, Court of Common Pleas online docket indicates that plaintiff is facing criminal charges in Case No. 21-cr-38622. On January 26, 2022, the trial court issued an entry finding plaintiff incompetent to stand trial. Plaintiff was ordered committed to Summit Behavioral Healthcare on March 29, 2022. According to the court's online docket, a review hearing is set for June 23, 2022. Viewed at: http://clerkofcourt.co.warren.oh.us/BenchmarkCP/Home.aspx/Search. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

## Screening of Complaint

**A.     Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however,

the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B.   **Plaintiff's Complaint**

In his complaint, plaintiff alleges: "I wrote [Judge Peeler] to tell him I am an agency employee and should not be in jail." Plaintiff further alleges that Judge Peeler "refused to order a [R]ule 29 and ordered a competent [sic] test and sent me to Summit Behavior [H]ealthcare." (Doc. 1-1, at PageID 11).

Plaintiff seeks "relief of sentence at the Summit Healthcare Center" and $3 million in

3

damages. (Doc. 1-1, at PageID 12).

    **C.**    **Analysis**

For the following reasons, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

It is well-settled that judges are generally absolutely immune from civil suits. *Bright v. Gallia Cty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014) (citing *Barnes v. Winchell,* 105 F.3d 1111, 1115 (6th Cir. 1997), in turn citing, *inter alia*, *Mireles v. Waco,* 502 U.S. 9, 9 (1991) (per curiam)). The absolute immunity accorded to judges extends not only to claims for damages, but also to requests for injunctive and others forms of equitable relief. *Mireles,* 502 U.S. at 11 ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). This far-reaching protection was not adopted "for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (internal citation and quotation marks omitted); *see also Barnes,* 105 F.3d at 1115 (quoting *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 435 (1993)) ("The doctrine of judicial immunity is justified 'by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'").

Given the "strong policy justifications for the doctrine," absolute judicial immunity can be overcome only when the plaintiff's claims are based on (1) non-judicial actions, such as administrative acts unrelated to judicial proceedings; or (2) "actions, though judicial in nature, [that are] taken in the complete absence of jurisdiction." *Bright,* 753 F.3d at 649 (quoting *Mireles,* 502 U.S. at 11-12). The Supreme Court has held that "whether an act . . . is a 'judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to

4

the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman,* 435 U.S. 349, 362 (1978)). Absence of jurisdiction refers to the lack of subject matter jurisdiction. *See, e.g., Bradley v. Fisher,* 80 U.S. 335, 351-52 (1871) (distinguishing "excess of jurisdiction" from "the clear absence of all jurisdiction over the subject-matter"); *Bright,* 753 F.3d at 649 (quoting *Holloway v. Brush,* 220 F.3d 767, 773 (6th Cir. 2000) (en banc), and *Barnes,* 105 F.3d at 1122) ("[o]nly in the absence of subject matter jurisdiction are judicial actors devoid of the shield of immunity," whereas "[g]enerally, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes"). Therefore, as the Supreme Court has also made clear, the immunity offered judicial officers in the performance of judicial duties is not overcome by allegations that they acted in "bad faith," maliciously, corruptly or even "in excess of . . . authority." *See Mireles*, 502 U.S. at 11, 13 (and Supreme Court cases cited therein); *see also Bright*, 753 F.3d at 649-50 (citing *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001)) (holding that the district court erred in denying absolute judicial immunity to the defendant judge with subject matter jurisdiction over the underlying criminal proceedings, who had engaged in actions that "were petty, unethical, and unworthy of his office").

In the instant case, it appears clear from the face of the complaint that the complained-of actions pertain entirely to the performance of tasks and duties that were judicial in nature. *Cf. Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997) (quoting *Forrester*, 484 U.S. at 227) ("The application of judicial immunity is simple and noncontroversial when applied to 'paradigmatic judicial acts,' or acts of actual adjudication, *i.e.*, acts involved in resolving disputes between parties who have invoked the jurisdiction of the court."). Moreover, plaintiff's allegations do not even remotely suggest that Judge Peeler lacked subject matter jurisdiction in the case at

issue. As plaintiff does not allege facts that, when accepted as true, show either of the exceptions to judicial immunity apply, Judge Peeler is entitled to absolute judicial immunity from plaintiff's claims.

Accordingly, in sum, plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff has failed to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

June 23, 2022

s/*Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| THOMAS C. WILLIAMS, | : Case No. 1:22-cv-250 |
| Plaintiff, | : |
| vs. | : District Judge Douglas R. Cole |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| JUDGE ROBERT PEELER, | : |
| Defendant. | : |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).