UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**THOMAS C. WILLIAMS,**
      **Plaintiff,**

    v.                                 Case No. 1:22-cv-250
                                         JUDGE DOUGLAS R. COLE
**JUDGE ROBERT PEELER,**     Magistrate Judge Silvain
      **Defendant.**

## ORDER

This cause is before the Court on the Magistrate Judge's June 23, 2022, Report and Recommendation ("R&R," Doc. 4) recommending that this Court dismiss Plaintiff Thomas C. Williams's Complaint (Doc. 3) for failure to state a claim. For the reason below and given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 4) in full and **DISMISSES** Williams's Complaint (Doc. 3) **WITH PREJUDICE**.

Williams appears to be incarcerated at Summit Behavioral Healthcare in Cincinnati. (*See* Doc. 3). He moved for leave to proceed in forma pauperis with this suit on May 6, 2022. (Doc. 1). The Magistrate Judge granted Williams's motion on June 22 (Doc. 2) and ordered his Complaint (Doc. 3) filed that same day. The next day, the Magistrate Judge issued the R&R, recommending that this Court dismiss the Complaint for failure to state a claim upon which relief can be granted on the ground of judicial immunity. (Doc. 4, #34).

The R&R also advised the parties that failure to object within fourteen days may result in forfeiture of rights, including the right to district court review. (*Id.* at

#35). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C).

Neither party objected. Still, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The Court sees no error in the R&R. Williams's Complaint states that he wrote to Judge Peeler "to tell him I am an agency employee and should not be in jail" and complains that Peeler "sent him to Summit." (Doc. 3, #24). As the Magistrate Judge notes, judges are "generally absolutely immune from civil suits." (Doc. 4, #32 (citing *Bright v. Gallia County*, 753 F.3d 639, 648 (6th Cir. 2014)). Such immunity can only be overcome in two instances: actions outside the judge's judicial capacity or actions taken without jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Judge Peeler's allegedly untoward actions do not fall into either of those buckets. The application of judicial immunity here, then, is "simple and non-controversial." *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997) (citing *Forrester v. White*, 484 U.S. 219, 227 (1988)). And Judge Peeler is entitled to it.

For this reason, the Court **ADOPTS** the R&R (Doc. 4) in full. The Court **DISMISSES** Williams's Complaint (Doc. 3) **WITH PREJUDICE**. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith and therefore **DENIES** Williams leave to appeal in forma pauperis. And the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

    **SO ORDERED.**

December 27, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**